IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT RODRIGUEZ TREVINO, by<br>Next Friend Gloria Trevino Turner<br>ID # 729766<br>    Petitioner,<br>vs.<br><br>RICK THALER, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>    Respondent. | No. 3:10-CV-2413-D (BH)<br><br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation.

### I. BACKGROUND

Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). His sister, Gloria Trevino Turner (Turner), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on his behalf. The respondent is Rick Thaler, Director of TDCJ-CID.

On August 25, 1995, after having pled not guilty, Petitioner was convicted by a jury of one count of aggravated sexual assault of a child, four counts of sexual assault of a child, and one count of indecency with a child in Cause Nos. 21530CR, 21531CR, 21532CR, 21533CR, and 21534CR in the 40th District Court of Ellis County, and he was sentenced to life imprisonment. (Petition (Pet.) at 2). Petitioner appealed his convictions and sentence. The Tenth District Court of Appeals affirmed petitioner's convictions in an unpublished opinion on March 19, 1997. *Trevino v. State*, Nos. 10-95-277-CR, 10-95-278-CR, 10-95-279-CR, 10-95-280-CR, 10-95-281-CR (Tex. App. – Waco, March 19, 1997, no pet.). Petitioner did not file a petition for discretionary review with the

Texas Court of Criminal Appeals, and he did not file a petition for certiorari with the Supreme Court.

On April 3, 2000, petitioner filed a state application for writ of habeas corpus with the trial court (Pet. at 3, Cause No. 21530CR/A). On August 16, 2000, the Court of Criminal Appeals denied the application without a written order based on the findings of the trial court without an evidentiary hearing. *See Ex parte Trevino*, WR-46,349-01 (Tex. Crim. App. Aug. 16, 2000). Petitioner filed his federal petition on November 29, 2010. (Pet. at 1).

## II. STATUTE OF LIMITATIONS

### A. Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner did not file any petition for discretionary review with the Court of Criminal Appeals. Petitioner's state convictions therefore became final for purposes of § 2244(d) on April 18, 1997, thirty days after his convictions were affirmed on direct appeal and the date any petition for discretionary review was due in the Court of Criminal Appeals *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires.").

Petitioner has not alleged a state-created impediment under subparagraph (B) that prevented him from filing his federal petition or any new constitutional right under subparagraph (C). The one-year statute of limitations is therefore calculated from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

With regard to subparagraph (D), the claims raised in the petition concern circumstances surrounding the 1995 trial and the evidence present at the trial. Therefore, the facts supporting petitioner's claims became known or could have become known prior to the date petitioner's state judgment of conviction became final on April 18, 1997. Because petitioner filed his petition more than one year after his conviction became final, a literal application of § 2244(d)(1) renders his November 29, 2010, filing untimely.

**B. Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner did not file his state writ until April 3, 2000, more than one year after

3

his state conviction became final on April 18, 1997. Accordingly, the federal one-year limitations period expired before petitioner filed his state writ, and it therefore was not statutorily tolled by the filing of his state writ. *See also Henderson* v. *Johnson*, 1 F.Supp.2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application). The statutory tolling provision does not save the federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010) (deciding that the timeliness provision in the AEDPA is subject to equitable tolling); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The federal courts may equitably toll the limitations period of 28 U.S.C. § 2244(d)(1) in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). The Supreme Court has recently stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, slip op. at 12, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). Petitioner has the burden to show that he is entitled to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine

each case in order to determine whether there are sufficient exceptional circumstances present that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Turner's *Statement in Support of Writ of Habeas Corpus* alleges that the attorney who filed the state writ was also hired to file a federal writ but evidently did not do so. (Statement at 1, 3-4). Turner also alleges that she hired and paid other attorneys to investigate her brother's case, but that they did not assist her and her brother, and that she attempted to obtain assistance from the Innocence Project but was told two years later that it would not take her brother's case. (Statement at 4). Turner also alleges that her brother is mentally incompetent and has been since his trial in 1995, and she has submitted a letter from a psychiatrist noting that petitioner was diagnosed with paranoid schizophrenia in prison in 2008 and opining that he was suffering from this mental disorder at the time of his trial. (Exhibit A). Turner also submitted a "Statutory Durable Power of Attorney" that her brother signed on July 31, 2008, giving her power of attorney over litigation on his behalf.

Turner presents no argument or evidence that her brother was prevented by some outside force from filing his state writ or his federal petition earlier. Difficulty in hiring a lawyer to file a federal writ does not adequately explain the ten years that have passed since the state writ was denied, or the more than thirteen years that have passed since the convictions became final. She has not shown that Petitioner has been pursuing his rights diligently and that some extraordinary circumstance prevented a timely filing, as required by the standard set forth by the Supreme Court in *Holland*. Even if Turner's filings are liberally construed as alleging that the federal petition was untimely due to her brother's mental incompetence, she obtained power of attorney over his legal affairs on July 31, 2008, and she did not file the federal petition until over two years later. This does not constitute evidence that she was pursuing her brother's rights diligently *and* that some

5

extraordinary circumstance prevented her filing the federal petition sooner, as required in *Holland*. Petitioner has failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is barred by the statute of limitations.

### III. RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 29th day of January, 2011.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE